UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA-WESTERN DIVISION

| | |
|---|---|
| MICHAEL DAVID HARRISON,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>Warden B. CASH,<br><br>　　　　Respondent. | Case No. CV 11-7950-RGK (SH)<br><br>MEMORANDUM AND ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS |

## I. BACKGROUND

On September 26, 211, pro se petitioner, in state custody, filed a Petition for Writ of Habeas Corpus by a Person in State Custody ("Petition") herein. In his Petition, petitioner challenges his 1980 conviction for second degree murder with the use of a firearm. (Petition at 2). As best the Court can glean from petitioner's allegations, the Petition alleges four claims: (1) Expert testimony concerning intimate partner battering and its effects were not introduced at trial, in violation of California Penal Code § 1473.5, California Evidence Code § 1107, and the 6th

1

and Fourteenth Amendments; (2) Petitioner is actually innocent of second degree murder; (3) Not permitting petitioner to benefit from California Penal Code § 1473.5 and California Evidence Code § 1107 would constitute an ex post facto violation; (4) Trial counsel was ineffective for failing to introduce expert testimony concerning intimate partner battering and its effects; (5) Trial counsel was ineffective for failing to request CALJIC Nos. 8.51, 5.00, 5.17, 8.40 and 9.35.1; and (6) False evidence was introduced at trial. (Petition, Attachment A (1-20)-AAA).

## II. DISCUSSION

Petitioner filed a Petition for Writ of Habeas Corpus, which was transferred herein on February 2, 1995 (Case number CV 95-0686-RSWL (SH)). Petitioner later filed a First Amended Petition. In that habeas petition and amended habeas petition, petitioner challenged the same 1980 conviction. On April 7, 1999, the district court denied the First Amended Petition with prejudice, in accordance with the recommendations of the Magistrate Judge.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), enacted on April 24, 1996, provides in pertinent part that:

>  (a) No circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus, except as provided in §2255.
>
> (b)(1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.
>
> (2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application

shall be dismissed unless--

(A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

(B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and

(ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable fact finder would have found the applicant guilty of the underlying offense.

(3)(A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

(B) A motion in the court of appeals for an order authorizing the district court to consider a second or successive application shall be determined by a three-judge panel of the court of appeals.

(C) The court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of this subsection.

(D) The court of appeals shall grant or deny the authorization to file a second or successive application not later than 30 days after the filing of the motion.

(E) The grant or denial of an authorization by a court of appeals to file a second or successive application shall not be appealable and shall not be the subject of a Petition for Rehearing or for a Writ of Certiorari.

(4) A district court shall dismiss any claim presented in a second or

successive application that the court of appeals has authorized to be filed unless the applicant shows that the claim satisfies the requirements of this section. 28 U.S.C. § 2244.

28 U.S.C. § 2244(b)(3) "creates a 'gatekeeping' mechanism for the consideration of second or successive applications in district court. The prospective applicant must file in the court of appeals a motion for leave to file a second or successive habeas application in the district court. § 2244(b)(3)(A)." Felker v. Turpin, 518 U.S. 651, 657, 116 S.Ct. 2333, 135 L.Ed 2d 827 (1996).

The instant Petition is a successive habeas corpus petition. The instant Petition was filed on September 26, 2011, well after the effective date of the AEDPA. To the extent that petitioner contends that California Penal Code § 1473.5 and California Evidence Code § 1107 are new laws which have been made retroactive to him (see Petition, Attachment A at 1, 6, 8-11), petitioner has failed to show that his claims rely on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable. 28 U.S.C. § 2244(b)(2)(A). Therefore, petitioner was required to obtain authorization from the Court of Appeals before filing the present Petition. See 28 U.S.C. § 2244(b)(3)(A). It appears that no such authorization has been obtained in this case. Thus, the Petition should be dismissed for that reason.

## III. ORDER

ACCORDINGLY, IT IS ORDERED that the Petition be dismissed.

DATED: 10·13·11

*[signature]*

R. GARY KLAUSNER
UNITED STATES DISTRICT JUDGE

Presented by:
Dated: October 7, 2011

*[signature]*

STEPHEN J. HILLMAN
UNITED STATES MAGISTRATE JUDGE